UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LEO THOMAS WILLIAMS, | ( | |
| | ( | |
| Plaintiff, | ( | |
| | ( | |
| vs. | ( | CAUSE NO. 3:97-CV-0577 RM |
| | ( | |
| HARRIS, Vigo County Sheriff, | ( | |
| | ( | |
| Defendant. | ( | |

MEMORANDUM AND ORDER

Leo Williams, a state prisoner confined at the Westville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, and an application to proceed without full prepayment of fees and costs pursuant to 28 U.S.C. § 1915. The court granted Mr. Williams's request to proceed *in forma pauperis*, assessed an initial partial filing fee, and ordered Mr. Williams to pay the balance of the filing fee by installments as required by § 1915(b).

Mr. Williams states that his causes of action are "discrimination and lack of medical attention."[1] In his statement of the facts, Mr. Williams alleges that on "August 19, 1996, Sheriff Harris discriminated against me by using vulgar language toward me in a conversation we were having as we were getting ready to leave Vigo County Jail going to my father's funeral." Mr. Williams asserts that Sheriff Harris called him a "dirty black S.O.B." and told him to take his "dirty black ass back upstairs" or he would not be taken to the funeral. On the way to the funeral home, Sheriff Harris "tried to apologize for the vulgar comments," but Mr. Williams did not respond. When they arrived at the funeral home, Sheriff Harris saw that Mr. Williams "was hurt (by) what he had said," he "tried to "bribe"

---

[1] Mr. Williams's statement of the facts does not address any lack of medical attention.

Mr. Williams by offering to take his cuffs off if he would promise not to run, even though the court had ordered that the restraints be kept on, and "by trying to buy me pops." Sheriff Harris left the restraints off on the way back to the jail "because he felt so bad."

Vigo County, where Sheriff Harris allegedly insulted Mr. Williams, is located in the Southern District of Indiana, and proper venue is in that judicial district. When a complaint has been filed in the wrong judicial district, 28 U.S.C. § 1406(a) provides that the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision to dismiss or transfer is within the sound discretion of the district court. Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir.), cert. denied, 467 U.S. 1210 (1984) (citations omitted). If a plaintiff's claims could not properly be heard in any federal court, it is appropriate to dismiss rather than transfer the action. Id.

Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner's complaint and dismiss it if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).

A complaint states no actionable claim when it appears beyond doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 791 (7th Cir. 1996).

2

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." Sherwin Manor Nursing Ctr. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994); *cert. denied*, 116 S.Ct. 172 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, Canedy v. Boardman, 16 F.3d 183, 188 (7th Cir. 1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. City Nat'l Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994).

The first inquiry in any § 1983 action is whether the plaintiff was deprived of a right secured by the Constitution and laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979); the second element of a § 1983 action is that the alleged deprivation must be committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Sheriff Harris acted under color of state law, leaving only the question of whether Mr. Williams can establish that the sheriff's actions violated his federally protected rights.

Mr. Williams does not allege that Sheriff Harris treated him differently from other inmates because of his race; his allegation is that the sheriff made derogatory racial comments that wounded him emotionally. Accordingly, Mr. Williams's allegations must be evaluated under the Eighth or Fourteenth Amendments, depending on whether he was a pre-trial detainee or was serving time on a conviction.

3


4

Mr. Williams does not state whether he was a pre-trial detainee or serving a sentence on a conviction on August 19, 1996. The Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Robinson v. Moses, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. Robinson v. Moses, 644 F.Supp. at 980, but the standard under the Due Process Clause for pre-trial detainees "is the same standard that applies to prisoners bringing claims under the eighth amendment." Robinson v. Moses, 644 F.Supp. at 981, citing Hamm v. DeKalb Co., 774 F.2d 1567, 1573 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Verbal abuse or harassment is not sufficient to state a claim under § 1983. Ivey v. Wilson, 832 F.2d at 955; Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Davis v. Michigan Department of Corrections, 746 F.Supp. 662, 667 (E.D. Mich. 1990). Defamation also states no claim upon which relief can be granted under § 1983. Paul v. Davis, 424 U.S. 693 (1976); see also Bone v. LaFayette, 919 F.2d 64 (7th Cir. 1990).

5

The statements Mr. Williams attributes to Sheriff Harris were unprofessional and probably inexcusable. But even giving Mr. Williams the benefit of the inferences to which he is entitled at the pleadings stage, verbal abuse of the sort he describes states no claim upon which relief can be granted under § 1983. Because Mr. Williams has not stated a claim that could properly be heard in any federal court, this case should be dismissed rather than transferred to the Southern District.

For the foregoing reasons, the court DENIES the plaintiff leave to proceed against the defendant on the claim that he used vulgar and racially inflammatory language, and DISMISSES the complaint with leave to the plaintiff to file an amended complaint within thirty days addressing any claim of lack of medical attention by the defendant. In the event that no such amendment is filed, the clerk of this court shall enter judgment in favor of the defendant and against the plaintiff.

SO ORDERED.

ENTERED: January 16, 1997.

s/Robert L. Miller, JR.
_____
Robert L. Miller, Jr., Judge
United States District Court